IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SALIMABDU GOULD,            )
                            )
            Plaintiff,      )
                            )
v.                          )   1:22CV771
                            )
OFFICER OXENDINE, et al.,   )
                            )
            Defendants.     )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner proceeding *pro se*, filed this action asserting constitutional violations against Defendants regarding an incident while Plaintiff was housed at Scotland Correctional Institution. (*See generally* Compl., Docket Entry 2.) Shortly after Plaintiff was conditionally granted *in forma pauperis* status and the Clerk was ordered to prepare and file requests for waivers of service for Defendants as set out in Standing Order 19 of this Court, Plaintiff filed two motions to compel and a motion for a preliminary injunction and a temporary restraining order.[1] (*See* Docket Entries 7, 8, 9.)

As to the motions to compel, although difficult to discern, as best the Court can glean, Plaintiff is seeking some form of immediate relief in light of Defendants' alleged failure to respond to the notice for request for waivers of the summonses, and failure to otherwise respond to the Complaint. However, Defendants have complied with the procedures of

---

[1] Plaintiff's document is entitled "Memoranda in Support; Order to Show Cause; Preliminary Inj[untion] – Temporary Restraining Order 18 U.S.C. § 3626(a)(1)(A)." (Docket Entry 9.) The Court construes this as a motion for a preliminary injunction and a temporary restraining order.

Standing Order 19 of this Court, including executing waivers of the service of summonses (Docket Entry 10), and timely answering the Complaint (Docket Entry 12). Therefore, any immediate relief sought for Defendants' alleged failure to respond is unwarranted and is denied.[2] Further, to the extent Plaintiff seeks an order compelling some form of discovery, his request is premature as discovery will commence upon entry of a scheduling order herein.

As to Plaintiff's motion for a preliminary injunction and a temporary restraining order, that motion should be denied. It appears that Plaintiff is asking that Defendants be required to immediately remove Plaintiff from long-term segregation to a separate housing unit or be transferred to another facility. (*See* Docket Entry 9.)

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See e.g., S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020) (citing *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order)). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).[3] The United States Supreme Court has stated that to obtain a temporary restraining order or a

---

[2] To the extent the motions to compel seek any other relief, it is denied. For example, it appears Plaintiff has provided an affidavit in his effort to establish probable cause to charge Defendants criminally (*see* Docket Entry 8 at 7-9); however, this is inappropriate for the instant action. Further, to the extent the motions incorporate a request for injunctive relief, the request should be denied as Plaintiff has failed to make the requisite showing for such relief as stated herein.

[3] Temporary restraining orders, which may be issued without notice to the adverse party, are limited in duration to 14 days absent good cause for an extension. Fed. R. Civ. P. 65(b)(2).

preliminary injunction, a movant must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal quotations and citation omitted) (a preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.").

Here, Plaintiff has failed to make the requisite showing for preliminary injunctive relief. Plaintiff's claims stem from an alleged assault by Defendants in the prison's receiving area during Plaintiff's request for treatment for a medical emergency. (*See* Compl. at 4-5.) Plaintiff alleges that he was beaten in handcuffs, then denied medical attention for his injuries. (*Id.*) At this stage of the proceedings, the case is in its early stages and Plaintiff's claims remain theoretically plausible. However, it is not entirely clear how the relief sought in Plaintiff's motion is related to his underlying action. *See Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."). Perhaps Plaintiff is suggesting that Defendants are interfering with his movement from the prison unit because Plaintiff will have to go through "receiving" where he alleges in his underlying Complaint that the assault took place. (*See* Docket Entry 9 at 2

3

("To move from one unit to the next, you must go through receiving[.]").) To the extent this relates in any way to Plaintiff's claims, he has not made a "clear showing" that he is likely to succeed on the merits of any of his purported underlying claims for excessive force or deliberate indifference. *Winter*, 444 U.S. at 20, 22.

Further, Plaintiff has not shown that he will suffer irreparable harm if an injunction or temporary restraining order is not issued. While Plaintiff obviously disagrees with Defendants' conduct or alleged interferences, he has failed to allege any specific facts to demonstrate that he is likely to suffer irreparable harm if this Court fails to issue an order directing Defendants to immediately remove Plaintiff from long-term segregation to a separate housing unit or to transfer him to another facility. At most, Plaintiff is speculating as to future injury. *See Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995) ("[A] future or conjectural threat of injury is insufficient to justify injunctive relief.").

Moreover, Plaintiff has not shown that an injunction is in the public interest. This Court cannot conclude that the public interest would be served by immediate removal of Plaintiff, especially when Plaintiff does not have a right to be housed in a specific facility, *see e.g., Dalton v. W. Virginia Div. Of Corr.*, No. 08-8188, 2009 WL 550178, at *1 (4th Cir. Mar. 5, 2009) (slip opinion) ("It is well-settled that a prisoner has no due process right to be housed in the facility of his choice.") (citation omitted); *Joyner v. Swiney*, No. 7:13-CV-00227, 2013 WL 3279548, at *1 (W.D. Va. June 27, 2013) (unpublished) ("Plaintiff . . . fails to establish how an order based on speculative and unsubstantiated fears furthers the public's interest when that interest is served by deferring to correctional officials about the appropriateness of where to house a specific prisoner."). Finally, Plaintiff has not shown that the balance of equities tips

4

in his favor. Accordingly, this Court recommends that Plaintiff's motion for injunctive relief be denied.

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's document construed as a motion for a preliminary injunction and temporary restraining order (Docket Entry 9) be **DENIED**.

**FURTHER, IT IS HEREBY ORDERED** that Plaintiff's motions to compel (Docket Entries 7, 8) are **DENIED**.

**FURTHER**, pursuant to Rule 16 of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that this case is placed on the Standard discovery track modified only to allow for a discovery completion date of January 12, 2024, to account for Plaintiff's status as a prisoner. This parties have until September 12, 2023, to seek leave of court to amend the pleadings or to add parties.

**IT IS FURTHER ORDERED** that any dispositive motions, including any motion for summary judgment, must be filed on or before February 12, 2024.

_____
Joe L. Webster
United States Magistrate Judge

July 12, 2023
Durham, North Carolina